```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :    SEALED
                                         INDICTMENT
     - v. -                         :
                                         13 CRIM 795
RYAN KNIGHTS,                       :
MONA SOLIMAN, and
JORDAN KAPCHAN,                     :

                    Defendants.     :

- - - - - - - - - - - - - - - - - - - x
```

**COUNT ONE**
(Conspiracy To Commit Wire Fraud)

The Grand Jury charges:

BACKGROUND

1. At all times relevant to this Indictment, MONA SOLIMAN, the defendant, operated a mortgage brokerage business known as "The Mortgage Specialists."

2. At all times relevant to this Indictment, JORDAN KAPCHAN, the defendant, was an attorney licensed to practice law in New York State, and maintained a law office in Manhattan, New York.

3. At all times relevant to this Indictment, JORDAN KAPCHAN, the defendant, maintained and controlled a bank account at HSBC Bank U.S.A., N.A., in Manhattan, New York, which he used

in connection with the settlement of real estate transactions (the "Kapchan Account").

4.  At all times relevant to this Indictment, HSBC Bank U.S.A., N.A., and the National Bank of Arizona was each an "insured depository institution," as defined in section 3(c)(2) of the Federal Deposit Insurance Act, and therefore a "financial institution" under Title 18, United States Code, Sections 20 and 3293(2).

## THE SCHEME TO DEFRAUD

5.  From at least in or about November 2004, up to and including in or about June 2007, in the Southern District of New York and elsewhere, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, participated in a conspiracy to fraudulently obtain, and assist others in fraudulently obtaining, loans from various lending institutions (the "lenders") that were used to purchase, or refinance the purchase of, residential properties.  Through this scheme, KNIGHTS, SOLIMAN, KAPCHAN, and others obtained loans, under false and fraudulent pretenses, with a total face value of over $2.2 million, in order to enrich themselves and their co-conspirators.

6.  In furtherance of the scheme to defraud, from at least in or about November 2004, up to and including in or about

June 2007, in the Southern District of New York and elsewhere, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, recruited individuals to act as nominal purchasers ("straw purchasers") of properties and to obtain loans used to purchase, or refinance the purchase of, said properties, when in truth and in fact and as the defendants well knew, it was understood that KNIGHTS and co-conspirators not named as defendants herein, rather than the straw purchasers, would maintain beneficial ownership of the properties.

7. As a further part of the scheme to defraud, from at least in or about November 2004, up to and including in or about June 2007, in the Southern District of New York and elsewhere, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, recruited straw purchasers by, among other things, offering to pay them thousands of dollars in fees.

8. As a further part of the scheme to defraud, from at least in or about November 2004, up to and including in or about June 2007, in the Southern District of New York and elsewhere, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, knowingly and intentionally caused documents containing false information--

3

regarding, among other things, the straw purchasers' employment, income, assets, and intended use of the property for which a loan was sought--to be submitted to lenders in order to induce the lenders to make loans on terms that they otherwise would not have made. These documents purported to represent accurately personal and financial information relating to the straw purchasers, and the false information contained in the documents was material to the lenders' lending decisions.

9. As a further part of the scheme to defraud, from at least in or about November 2004, up to and including in or about June 2007, in the Southern District of New York and elsewhere, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, caused fraudulently obtained loan funds to be transferred via interstate wires to the Kapchan Account. Upon receipt of the loan funds, KAPCHAN, acting as a settlement agent, distributed portions of the proceeds to, among others, KNIGHTS and SOLIMAN.

<u>FRAUD AS TO SELECTED PROPERTIES</u>

10. As described above, in furtherance of the conspiracy and to effect the illegal object thereof, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, through the use of fraudulent documents and false representations, assisted straw purchasers

4

in obtaining loans to fund purchases, and the refinancing of purchases, of residential properties. For example:

    a.    In or about November 2004, in the Southern District of New York and elsewhere, KNIGHTS purported to sell a property at 931A Jefferson Avenue, Brooklyn, New York, to a straw purchaser ("Straw Purchaser-1") for a purported purchase price of approximately $490,000. SOLIMAN, acting as a mortgage broker, caused a Uniform Residential Loan Application relating to Straw Purachser-1 to be submitted to one or more lenders, which contained false representations. Among other things, the Application falsely represented Straw Purchaser-1's employment history. As a result of this and other misrepresentations, on or about November 19, 2004, a lender caused approximately $459,000 in loan funds to be disbursed to the Kapchan Account via interstate wires.

    b.    In or about November 2005, in the Southern District of New York and elsewhere, KNIGHTS purported to sell a property at 59 Ralph Avenue, Brooklyn, New York, to a straw purchaser ("Straw Purchaser-2") for a purported purchase price of approximately $490,000. SOLIMAN, acting as a mortgage broker, caused a Uniform Residential Loan Application relating to Straw Purachser-2 to be submitted to one or more lenders, which contained false representations. Among other things, the

Application falsely represented Straw Purchaser-2's income and that Straw Purchaser-2 intended to treat 59 Ralph Avenue as his primary residence. As a result of these and other misrepresentations, on or about November 22, 2005, a lender caused approximately $444,000 in loan funds to be disbursed to the Kapchan Account via interstate wires.

          c.    In or about January 2007, Straw Purchaser-2 participated in a nominal sale of the property at 59 Ralph Avenue, Brooklyn, New York, to another straw purchaser ("Straw Purchaser-3") for a purported purchase price of $650,000. SOLIMAN, acting as a mortgage broker, caused a Uniform Residential Loan Application relating to Straw Purachser-3 to be submitted to one or more lenders, which contained false representations. Among other things, the Application falsely represented that Straw Purchaser-3 was employed at a business associated with KNIGHTS and that Straw Purchaser-3 intended to treat 59 Ralph Avenue as her primary residence. As a result of these and other misrepresentations, two lenders caused a total of approximately $650,000 in loan funds to be disbursed to the Kapchan Account via interstate wires.

          d.    In or about June 2007, another straw purchaser ("Straw Purchaser-4") purported to purchase a property at 1118 Putnam Avenue, Brooklyn, New York, for a purported

purchase price of $635,000. SOLIMAN, acting as a mortgage broker, submitted documents to the National Bank of Arizona that related to Straw Purachser-4 and contained false representations. Among other things, the documents falsely represented that Straw Purchaser-4 intended to treat 1118 Putnam Avenue as his primary residence and that Straw Purchaser-4 was employed at a business associated with SOLIMAN. As a result of these and other misrepresentations, the National Bank of Arizona caused approximately $612,000 in loan funds to be disbursed to the Kapchan Account via interstate wires.

## STATUTORY ALLEGATION

11. The allegations set forth in paragraphs one through ten of this Indictment are repeated and re-alleged as if fully set forth herein.

12. From at least in or about November 2004, up to and including in or about June 2007, in the Southern District of New York and elsewhere, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

13. It was a part and an object of the conspiracy that RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Overt Acts

14. In furtherance of the conspiracy and to effect the illegal object thereof, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, and others known and unknown, committed the following over acts, among others, in the Southern District of New York and elsewhere:

   a. In or about November 2004, KNIGHTS recruited Straw Purchaser-1 to act as the nominal purchaser of 931A Jefferson Avenue, Brooklyn, New York, and to participate in efforts by KNIGHTS, SOLIMAN, and KAPCHAN to fraudulently obtain a loan relating to the purported purchase of that property.

        b.    In or about November 2005, SOLIMAN caused a loan application to be submitted to a lender on behalf of Straw Purchaser-2 that contained material falsehoods relating to Straw Purchaser-2.

        c.    On or about April 4, 2007, KAPCHAN wrote KNIGHTS a check in the amount of $1,550, which was drawn on the Kapchan Account and bore a memorandum indicating that the check related to "1118 PUTNAM AVE," and on or about April 5, 2007 KNIGHTS caused the check to be cashed.

(Title 18, United States Code, Section 1349.)

## FORFEITURE ALLEGATION

15.    As a result of committing the offense alleged in Count One of this Indictment, to wit, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, RYAN KNIGHTS, MONA SOLIMAN, and JORDAN KAPCHAN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c), all property, real and personal, constituting and derived from proceeds obtained directly and indirectly as the result of such violation, including but not limited to the following:

9

    a. All right, title, and interest in the real property and appurtenances located at 931A Jefferson Avenue, Brooklyn, New York;

    b. All right, title, and interest in the real property and appurtenances located at 59 Ralph Avenue, Brooklyn, New York;

    c. All right, title, and interest in the real property and appurtenances located at 1118 Putnam Avenue, Brooklyn, New York; and

    d. A sum of currency equal to at least approximately $2.2 million.

Substitute Asset Provision

  16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 981;
    Title 21, United States Code, Section 853;
    Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

11

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RYAN KNIGHTS,
MONA SOLIMAN, and
JORDAN KAPCHAN,

Defendants.

**SEALED INDICTMENT**

(18 U.S.C. §§ 1349, 981;
21 U.S.C. § 853;
28 U.S.C. § 2461.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

10/15/13 Filed Sealed Indictment
[signature] Arrest warrants for all defendants

Judge Netburn