UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

      -against-                     13 Cr. 795-1 (RWS)

                                       SENTENCING
RYAN KNIGHTS,                       OPINION

                    Defendant.

------------------------------------X

**Sweet, D.J.**

On January 26, 2017, Ryan Knights ("Defendant" or "Knights") pleaded guilty to intent to defraud the Government. Based on the conclusions set forth below, Knights will be sentenced to three (3) years of probation, subject to the scheduled sentencing hearing on September 14, 2017.

**Prior Proceedings**

Knights was named in a one-count information filed in the Southern District of New York on October 30, 2013; a superseding information was filed on January 26, 2017. Count One of the superseding information charges that from November 2004 to June 2007, in the Southern District of New York and elsewhere,

1

Knights caused to be submitted, and aided and abetted in the submission of, false statements to the HUD in connection with mortgage transactions, and receiving compensation, and aiding and abetting the receipt of compensation by others, in connection with those transactions, in violation of 17 U.S.C. § 1012.

Knights was arrested on November 1, 2013 and released that day on a $400,000 personal recognizance bond co-signed by four financially responsible persons. On January 26, 2017, he appeared before the Honorable James C. Francis and allocuted to his criminal conduct as charged in Count One of the superseding indictment.

Knights is scheduled to be sentenced on September 14, 2017.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is

2

the result of a consideration of:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed —

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for —

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5)    any pertinent policy statement [issued by the Sentencing Commission];

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that

sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

At all relevant times, Monica Soliman ("Soliman") operated a mortgage brokerage business known as "The Mortgage Specialists," and Jordan Kapchan ("Kapchan") was an attorney who maintained a bank account at HSBC Bank which he used in connection with the settlement of real estate transactions. From at least November 2004 up to and including June 2007, Knights participated with Soliman and Kapchan in a scheme to fraudulently obtain loans from various lending institutions that were used to purchase or refinance residential properties.

4

Knights and his co-conspirators recruited individuals to act as nominal purchasers ("straw purchasers") or properties and to obtain loans used to purchase or refinance said properties, knowing that they - rather than the straw purchasers - would maintain beneficial ownership of the properties.

In June 2006, Knights recruited an acquaintance ("Individual-1") to act as a straw purchaser to take out a mortgage to buy, in name only, a property located at 931A Jefferson Avenue, even though Knights would retain beneficial ownership of the property and the property would in practice belong to Knights, who could not obtain the loan due to his credit history. Knights and his co-conspirators caused documents to be submitted to the HUD that contained false information, including false statements regarding the fees paid in connection with the transaction.

Knights' criminal conduct resulted in losses to four victims. According to the Government, Knights caused Fremont Investment and Loan, New Century Mortgage, Impac Funding Corporation, and the First National Bank of Arizona to suffer losses totaling $10,000.

**The Relevant Statutory Provisions**

For Count One of the Superseding Information, to which Knights pleaded guilty, the maximum term of imprisonment is one year and the maximum fine is $10,000. 18 U.S.C. §§ 1012, 3571(b). The offense is a Class A misdemeanor. 18 U.S.C. § 3559. A special assessment of $25 is mandatory. 18 U.S.C. § 3013. The Court may impose a term of supervised release of at most one year. 18 U.S.C. § 3583(b)(3). The defendant is eligible for up to five years' probation. 18 U.S.C. § 3561(c)(2).

**The Guidelines**

The 2016 edition of the <u>United States Sentencing Commission Guidelines Manual</u>, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

The Guideline for 18 U.S.C. § 1012 is found in U.S.S.G. § 2B1.1. Pursuant to that section, the base offense level is six. U.S.S.G. § 2B1.1(a)(2). Because the loss was more than $6,500 but less than 15,000, a 2-level enhancement is applicable. U.S.S.G. § 2B1.1(b)(1)(B). The adjusted offense level for Count One is eight. Because Knights has demonstrated acceptance of

6

responsibility for the offense, a two-level sentence reduction pursuant to Section 3E1.1(a) applies. The total offense level is six.

Knights has one previous conviction: On March 12, 2002, when Knights was 20 years old, he was convicted upon verdict after bench trial for menacing in the third degree, attempted criminal possession of a weapon in the fourth degree, and attempted assault in the third degree. He was sentenced to one year probation on all counts. This yields one criminal history point; therefore, the Criminal History Category is I.

Based on the total offense level of six and a Criminal History Category of I, the Guideline imprisonment range is zero to six months. U.S.S.G. Ch. 5, Pt. A. As Count One is a Class A misdemeanor, the Guideline range for a term of supervised release is one year. U.S.S.G. § 5D1.2(a)(3). Because the offense level is six, the Guidelines require that if probation is imposed, the term shall be at least one year but not more than five years. U.S.S.G. §§ 5B1.2(a)(1). Since the applicable guideline range is in Zone A of the Sentencing Table, a condition requiring a period of community confinement, home detention, or intermittent confinement may be imposed but is not required. U.S.S.G. § 5B1.1, comment, n.1(a).

7

The fine range identified in the Guidelines is $500 to $5,000. U.S.S.G. §§ 5E1.2(c)(3) and 5E1.2(h)(1).

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the Government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2016, provides a daily cost of $88, a monthly cost of $2,665, and an annual cost of $31,976 for imprisonment.

Restitution is required in the amount of $10,000, with $2,500 owed to each of the four victims named above. 18 U.S.C. §§ 3663A & 3664; U.S.S.G. § 5E1.1(a)(1).

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report, the Court will impose a sentence within the Guidelines range.

## The Sentence

For the instant offenses, Ryan Knights shall be sentenced to three (3) years' probation.

As mandatory conditions of his probation, Defendant shall:

(1)  Not commit another federal, state, or local crime.

9

(2) Not unlawfully possess a controlled substance.

(3) Pay the assessment imposed in accordance with 18 U.S.C. § 3013.

(4) Notify the Court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

(5) Cooperate in the collection of DNA, as directed by the probation officer.

The standard conditions of supervision (1-13) apply with the following special conditions:

(1) The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the Defendant is in compliance with the installment payment schedule.

(2) The Defendant shall provide the probation officer with access to any requested financial information.

(3) If subjected to removal proceedings, Defendant must obey the immigration laws and comply with the directives of immigration authorities.

(4) The Defendant shall be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $25, which shall be due immediately.

It is ordered that the Defendant make restitution in the amount of $10,000 to the victims in this case, jointly and

severally with Jordan Kapchan and Monica Soliman, and should be made payable to the Clerk, U.S. District Court.

The Court finds that the following victims have suffered injuries compensable under the Victim and Witness Protection Act in the amounts indicated:

| Lender | Lender's Address | Name | Loss Amount |
|---|---|---|---|
| Freemont Investment and Loan | 2727 East Imperial Highway<br>Brea, CA 92821 | Attn: Deborah Gershon | $2,500 |
| New Century Mortgage | 5330 Atlantic Ave<br>Long Beach, CA 90805 | Attn: Payments Dep't | $2,500 |
| Impac Mortgage Corporation – Corporate H.Q. | 19500 Jamboree Road<br>Irvine, CA 92612 | Attn: Legal Dep't | $2,500 |
| First National Bank of Arizona | 1665 W. Alameda Dr.<br>Tempe, AZ 85272 | Attn: Renea Aderhold | $2,500 |

Total: $10,000

The restitution shall be paid in monthly installments of 15% of gross monthly income over a period of supervision to commence 30 days of the date of judgment.

If the Defendant is engaged in a BOP non-UNICOR work program, the Defendant shall pay $25 per quarter toward the criminal financial penalties. However, if the Defendant participates in the BOP's UNICOR program as a grade 1 through 4,

the Defendant shall pay 50% of her monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11.

The Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Defendant is eligible for voluntary surrender.

It is so ordered.

**New York, NY**
**September 1, 2017**

_____
ROBERT W. SWEET
U.S.D.J.